NOT DESIGNATED FOR PUBLICATION

No. 117,674

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT E. MCDONALD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed June 8, 2018. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Robert E. McDonald appeals the district court's denial of his motion to withdraw plea filed before sentencing. After pleading guilty to 10 counts of burglary, 9 counts of felony theft, and 2 counts of misdemeanor theft, McDonald sought to withdraw his plea. He claimed that he did not understand the ramifications of his plea and he only pled to avoid going to trial with an attorney who was not prepared for trial. Based on our review of the record, we find that McDonald knowingly and voluntarily entered his plea. Likewise, we do not find that his attorney was ineffective under the circumstances presented. Thus, we affirm.

1

FACTS

On March 27, 2015, the State filed a 44-count complaint against McDonald and his brother. Each was charged with 22 counts of nonperson felony burglary, 17 counts of nonperson felony theft, and 5 counts of misdemeanor theft. Based on a plea agreement, McDonald pled guilty to 10 counts of nonperson felony burglary, 9 counts of nonperson felony theft, and 2 counts of misdemeanor theft. In exchange for his plea, the State agreed—among other things—to dismiss the remaining 23 counts.

Prior to sentencing, McDonald filed a pro se motion to withdraw his guilty plea. McDonald argued that he had received ineffective representation from his defense attorney, Bradley Sylvester. In particular, McDonald claimed that Sylvester failed to prepare adequately for trial. McDonald also claimed that Sylvester refused to talk to a witness he wanted to call. After receiving the motion to withdraw plea, the district court appointed new counsel to represent McDonald and set the matter for hearing.

The same district court judge who had accepted McDonald's plea conducted the hearing on the motion to withdraw that plea. At the hearing held on December 2, 2016, Sylvester testified that he took over McDonald's case around April 5, 2016, after his previous attorney quit the Sedgwick County Public Defender's Conflict's Office. The State sent McDonald a plea offer on April 12, 2016, but McDonald did not desire to accept the offer at that time. According to Sylvester, he moved to sever McDonald's case from his brother's case and asked McDonald whether he had any alibis. Although McDonald did not have an alibi, he asked Sylvester about the possibility of calling Earnest Gaines as a witness in his case. On April 21, 2016, the district court informed Sylvester that it would not continue the trial set to begin on April 25, 2016.

Sylvester testified that McDonald decided to enter into a plea agreement at a hearing on the motion to sever held on April 22, 2016. At the hearing, the State indicated

2

that it was willing to dismiss some charges against McDonald if he was willing to enter a plea. Although Sylvester did not expect that a plea agreement would be reached that day, he felt the State's offer "was a really good thing" for McDonald because it would "minimize the sentence impact on him." After consulting with Sylvester, McDonald agreed to enter a plea agreement, and they filled out the plea documents in the courtroom.

Sylvester testified that he discussed with McDonald the option of entering a plea several times. However, McDonald had not been interested in doing so. At the hearing on the motion to sever, McDonald indicated for the first time that he was receptive to accepting the plea offer made by the State. According to Sylvester, he thoroughly reviewed the plea agreement with McDonald before he entered his plea. McDonald never told Sylvester or the district court that he did not understand the plea deal. Sylvester also testified that he did not believe that McDonald was confused nor was he misled into entering the plea agreement.

Sylvester testified that McDonald's prior attorney had prepared a trial notebook containing a section for each charge that included all the police reports, discovery, and other items relevant to that count. Even though Sylvester had not read everything in the notebook by the time McDonald entered his plea, he testified that he had reviewed it and was familiar with the allegations asserted by the State. Sylvester also testified that had McDonald decided to reject the State's offer on April 22, 2016, he would have reviewed everything over the weekend and would have been prepared for trial by April 25, 2016.

According to Sylvester, McDonald was particularly interested in making sure that Gaines would testify at trial. Sylvester assured McDonald that he would be able to get Gaines there for trial. Even so, Sylvester had reservations about whether Gaines' testimony would be helpful. Sylvester testified that he was McDonald's fourth lawyer and had spoken with him for around an hour in total prior to him entering his plea.

McDonald also testified at the hearing. He alleged that Sylvester had only spoken with him for a total of 30 or 40 minutes. According to McDonald, Sylvester told him on the day he entered the plea that this was the best deal he was going to get from the State. McDonald testified that Sylvester recommended that he go ahead and accept the offer even though he did not commit the crimes.

McDonald further testified that when he was answering the judge's questions about the plea, he started to say that he did not do the things alleged by the State. However, McDonald testified that after seeing Sylvester shake his head, McDonald decided not to say anything about not committing the crimes charged. McDonald admitted that, in hindsight, he regretted entering the plea.

On cross-examination, McDonald testified that he was not under the influence of any alcohol, drugs, or prescription medication on the day he entered his plea. Although McDonald testified that he only had an eighth grade education, he stated that he knew how to read and write. McDonald indicated that he did not understand everything being said at the plea hearing, but he admitted that he did not tell the judge he did not understand. He also testified that Sylvester did not twist his arm.

According to McDonald, Sylvester told McDonald that it was "the best deal of the century" and suggested that he was going to get double the amount of prison time if he did not take the plea offer. Moreover, Sylvester allegedly told him that "either you want this or you don't, because if you don't, I ain't prepared to take the case." Finally, McDonald stated that he did not meet with Sylvester during the week before he entered his plea other than at the courthouse for the hearing at which the agreement was reached.

The district court announced its decision on the record on January 12, 2017. The judge indicated that in reaching his decision, he had considered the testimony of Sylvester and McDonald. In addition, the judge indicated that he had reviewed the

4

transcript from the plea hearing. Applying the factors set forth in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), the district court concluded that McDonald had not shown good cause to withdraw the plea.

The district court held a sentencing hearing on February 28, 2017. At the hearing, the district court sentenced McDonald to a total of 29 months of imprisonment and 12 months of jail concurrent to his prison term. Thereafter, McDonald filed a timely notice of appeal.

ANALYSIS

On appeal, McDonald contends that the district court erred in denying his motion to withdraw his plea. "A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2017 Supp. 22-3210(d)(1). Three factors—commonly called the *Edgar* factors—generally guide a district court's consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2017 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing. These factors are: (1) whether competent counsel represented the defendant; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018) (citing *Edgar*, 281 Kan. at 36).

McDonald must establish that the district court abused its discretion in concluding that he did not show good cause to withdraw his presentence motion to withdraw plea. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. 305 Kan. at 449. The party asserting an abuse of discretion—in this case, McDonald— bears the burden of establishing it. See 305 Kan. at 449.

5

McDonald challenges only the district court's determination under the third *Edgar* factor, claiming that he did enter his plea fairly and understandingly. We note that the district judge who considered the motion to withdraw the plea was the same judge who had accepted McDonald's plea. See *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012). After considering the testimony of Sylvester and McDonald—as well as reviewing the transcript of the plea hearing—the district court found that McDonald understood the terms of the plea agreement and voluntarily entered his plea to the reduced charges. The district court also found that Sylvester's advice to McDonald regarding the State's plea offer was reasonable and did not constitute undue influence, coercion, or threat.

In particular, the district court pointed to the extensive colloquy from the plea hearing in which it covered all aspects of the plea to ensure that McDonald understood what he was doing. This colloquy included a review of McDonald's constitutional rights, a review of the charges against him, a review of the State's evidence in support of the charges, a review of the potential penalties, and a review of the terms of the plea agreement. In particular, the district court found:

> "I do believe that while there was a little bit of confusion about some of the counts, that he did understand the nature of the charges, the possible defenses, some of the weakness and the number of the counts that were charged and his exposure if he went to jury trial, as opposed to if he entered a plea. I think the evidence presented and the transcript of the plea hearing indicate that he knew what he was doing by entering his plea. And while he may have internally been reluctant, that he did this willingly and voluntarily and he pled guilty to a number of these charges."

The district court noted that McDonald's testimony reflected "a cold feet type situation. And that he's now had a change of heart." The district court did not find the evidence to support a finding of good cause to grant the motion to withdraw the plea.

A review of the record reveals substantial competent evidence to support the district court's findings that McDonald's plea was fairly and understandingly made. At no point during the plea hearing did McDonald suggest that he did not understand his rights, the charges, or the consequences of entering into the plea agreement. Significantly, the district court believed Sylvester's testimony that he would have been prepared for trial if McDonald had not pled. On the other hand, the district court did not believe McDonald's claim that he did not understand what he was doing or that he was compelled into entering a plea out of the fear of having to go to trial with an attorney who was unprepared. McDonald also has not shown that his plea was coerced through a set of circumstances beyond his control.

In summary, we find that the district court applied the appropriate legal standard in considering McDonald's motion to withdraw plea. We also find substantial evidence to support the district court factual findings. Likewise, we find that the district court's decision that McDonald failed to show good cause to withdraw his plea to be reasonable based on the evidence in the record and that it was not unreasonable, arbitrary, or capricious. Ultimately, McDonald received the benefit of the plea deal, and we find no abuse of discretion by the district court in denying his presentence motion to withdraw plea.

Affirmed.